**IN THE UNITED STATES DISTRIC COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

JASON TORGERSON, ERIN BOURGAULT, BRIAN LINDGREN, NICHOLAS BARRY, DAVID MILLER, EDGAR WELLS, and LARRY FIFE,

Plaintiffs,

v.

CITY OF LACEY, LAURA WATSON in her official capacity as the Director of the WASHINGTON STATE DEPARTMENT OF ECOLOGY, and TARA C. SMITH in her official capacity as the Director of the WASHINGTON STATE DEPARTMENT OF ENTERPRISE SERVICES, and MIKE FONG in his capacity as the Director of the WASHINGTON STATE DEPARTMENT OF COMMERCE,

Defendants.

NO.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT

The Plaintiffs, Jason Torgerson, Erin Bourgalt, Brian Lindgren, Nicholas Barry, Edgar Wells and Larry Fife, by and through their attorney of record, allege as follows:

## I.     INTRODUCTION

The Plaintiffs in this case are homeless. They have also have lived together for years as a small community in Lacey. Their encampment, the Desmond Encampment, sometimes nicknamed Sherwood, is hidden from public view on a forested parcel of land within Lacey city limits. It is owned by Defendant Washington Department of Ecology ("Ecology") and managed by the Washington Department of Enterprise Services ("DES). Defendants City of Lacey

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 1

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

("Lacey"), Ecology, and DES have all been aware for years that Plaintiffs live at the Desmond Encampment. Years ago, in 2021, Lacey and DES created a list of residents, including all Plaintiffs except for Mr. Wells and Mr. Fife, who were allowed to remain at Desmond. Defendants' policy was to trespass anyone else they found in the encampment.

Despite this long-standing permission, on Wednesday, January 10, 2024, DES posted a notice stating that all Plaintiffs were trespassers, a "Notice of trespass, to vacate, and of clean up" at Desmond. The notice stated that continued presence was a trespass and could subject people to penalties under RCW 9A.52.080, and that on January 17, 2024, DES would remove all personal property. On February 9, 2024, DES posted a 72-hour trespass notice stating that if they do not leave the property within 72 hours, they will be subject to prosecution under RCW 9A.52.080 and LMC 9.28.090 and that their homes will be cleared on February 13, 2024.

The sweep is being conducted under the auspices of Washington State's "Rights of Way Initiative" ("ROW.") This program is administered by defendant Washington State Department of Commerce ("Commerce"). The intent of ROW is to "transition persons residing on state-owned rights-of-way to safer housing opportunities, with an emphasis on permanent housing solutions." Washington State 2022 Supplemental Operating Budget, pg. 106, 132(a). The housing opportunities must both provide a "meaningful improvement over an individual's current living situation" and be "well-matched to an individual's assessed needs." 132(e).

However, in the case of Mr. Wells and Mr. Fife, Defendants have offered them no housing at all. Instead, Defendants' Lacey and DES threatened them with criminal trespass, using the Kafkaesque-justification that only people on Defendants' 2021 list of Sherwood residents qualify for housing offered through ROW, a program that did not even exist until 2022. There is no other shelter space in Lacey. Mr. Wells and Mr. Fife assert that Defendants' threats to criminally trespass them despite there being no shelter space in Lacey violates their right to be free from cruel and unusual punishment under the Washington State and United States constitutions.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 2

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

In the case of the other Plaintiffs, Defendants have gave them the choice of accepting a single-occupancy room at the Maple Court Enhanced Shelter or face trespass. But each of them has disabilities that mean that they require some sort of accommodation to the offer of a room at Maple Court. As of January 30, 2024, each made a request to Defendants for accommodation under the ADA. However, rather than meaningfully respond to these requests, Defendants instead responded by, on January 31, sending out crews to clear vegetation and tree branches, using loud machinery right up to the edge of Plaintiffs' tents, which Plaintiffs perceived as an effort to scare them away,  and by then posting the 72 hour notice on February 9, 2024.

As an example of Plaintiff's ADA requests, Mr. Torgerson, who is legally blind, requested that that his partner and caretaker (who has lived with him at Desmond for over a year), be allowed to move into his room in Maple Court and help him with daily living activities. But because his partner/caretaker is not on the list, Defendants refuse to permit her to move with him to Maple Court. So, his options are to move into a room, alone, without his companion to help him find his glasses, read documents, and assist in all manner of daily tasks, or to be trespassed from his home of many years. Mr. Barry, who cannot live at Maple Court due to disability, is on a waiting list for an apartment in a permanent supportive housing complex and is actively working with two case managers to request to be moved to the top of the list. He asks to remain at Desmond until he get to the top of the wait list and is offered an apartment.

Defendants DES and Lacey have denied Plaintiffs' requests for accommodation and Defendants Commerce and Ecology have not responded to the requests at all. Mr. Torgerson, Mr. Barry, Ms. Bourgault, Mr. Lindgren and Mr. Miller all assert that Defendants' violated their rights under the ADA by denying or ignoring their request for accommodation.

## II.    PARTIES

1.    Plaintiffs were at all relevant times residents of Thurston County in the state of Washington.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 3

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

2.      Defendant City of Lacey ("Lacey") is a municipality and a political subdivision in Thurston County, in the State of Washington. Plaintiffs live on 300-500 Desmond Drive SE, land located within Lacey city limits, though the land is owned by Defendant Washington State Department of Ecology and managed by Defendant Washington State Enterprise Services. Lacey has authority to enforce trespass notices under an agreement with Defendant Department of Enterprise Services.

3.      Defendant Laura Watson is the Director of the Washington State Department of Ecology ("Ecology"), an agency of the Washington state government. Defendant Ecology owns the land on which Plaintiffs live. Defendant Watson is sued in her official capacity and all acts alleged herein taken by Defendant or by Ecology were taken under color of state law.

4.      Defendant Tara C. Smith is the Director of the Department of Enterprise Services ("DES"), an agency of the Washington state government. Defendant DES manages the land on which Plaintiffs live and issued the trespass notice that is the subject of this Complaint. Defendant Smith is sued in her official capacity and all acts alleged herein taken by Defendant or by DES were taken under color of state law.

5.      Defendant Mike Fong is the Director of the Department of Commerce ("Commerce"), an agency of the Washington state government. Defendant Commerce, in collaboration with Defendant Washington State Department of Transportation has been tasked by Governor Inslee with establishing the Rights of Way Initiative, a targeted grant program that transitions persons residing on state-owned rights of way to safer housing. Defendant Fong is sued in his official capacity and all acts alleged herein taken by Defendant or by Commerce were taken under color of state law.

### III.    JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1343(a)(4), and 1367. Plaintiffs bring this action under 42 U.S.C. § 1983, to vindicate rights established by the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiffs also bring

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 4

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

this action under the Americans With Disabilities Act and Section 504 of the Rehabilitation Act. 42 U.S.C. §12132; 29 U.S.C. §701. Plaintiffs also seek relief under the Declaratory Judgement Act, 28 U.S.C. §§ 2201, and 2202. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as these claims are related to Plaintiffs' federal claims, arise out of a common nucleus of operative fats, and form part of the same case or controversy as Plaintiffs' federal claims.

7.    Venue in this action is proper in the District of Western Washington under 28 U.S.C. §1391(b), as the Defendants are located in the District of Western Washington and all events and/or omissions giving rise to the claims complained of herein, have occurred or will occur, in this district.

## IV.    FACTS

### A.    Desmond Encampment and the Plaintiffs

8.    The Desmond Encampment (also known as Desmond), though located within Lacey city limits, is hidden in a plot of forested land. At this point, only approximately a dozen people live there. It is not visible to the larger community. It does not border any residential neighborhoods. It does not adjoin I-5. Plaintiffs have all lived at Desmond for at least four years. All identify it as their home and many describe their fellow residents as family, maybe the only family that they have. Below is an aerial photo of the camp location from 2021 that indicates approximate locations of resident camps:

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 5

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174



9.    Plaintiff Jason Torgerson has lived at the Desmond Encampment for five years and in Thurston County for ten years. He is legally blind and has received disability benefits on this basis. He relies on his partner, who also lives with him, to help him find his glasses, help him read documents and help him with daily living tasks.

10.    Plaintiff Erin Bourgault has lived at the Desmond Encampment for over four years. She has lived in Thurston County for twenty years. She has heart problems and experiences frequent, painful blood clots in her leg. These immobilize her for days at a time and generally limit her mobility. She also lives with mental health disabilities and relies on her six cats as emotional support animals. Her partner is Plaintiff Brian Lindgren.

11.    Plaintiff Brian Lindgren has lived at the Desmond Encampment for over four years. He has lived in Thurston County for his whole life. He lives with significant mental health disabilities and has received disability benefits on this basis. He shares six cats with his partner and co-plaintiff, Erin Bourgault. He relies on these cats as emotional support animals.

12.    Plaintiff Nicholas Berry has lived at the Desmond Encampment for approximately five years. He has lived in Thurston County for forty years and lived in Lacey

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 6

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

Complaint

for most of that time. He lives with a mental health disability that makes Maple Court inappropriate for him. He is on the waiting list for shelter in Olympia, which borders Lacey, and is working with his case manager to request to be moved to the top of the wait list given the impending sweep.

13.    Plaintiff David Miller has lived at the Desmond Encampment for approximately five years. He lives with his partner, who has lived at the Desmond Encampment for approximately the same amount of time. He moved into Maple Court for a few days but his partner was not allowed to move in with him and, in a new place without the support of his partner, his mental health symptoms became intolerable and he returned to Desmond.

14.    Plaintiff Edgar Wells grew up in Thurston County and has lived here nearly all of his life. He moved into Desmond about five years ago, when it first formed. He was not present the day Defendants created a list of Desmond residents in 2021.

15.    Plaintiff Larry Fife has lived at Desmond for approximately five years. He has lived in Thurston County since about 1988. He was not present the day Defendants created a list of Desmond residents in 2021 but he considers Desmond his home.

**B.    Agreement by DES and Lacey Not to Trespass Plaintiffs**

16.    In 2021, Defendants told all Plaintiffs, except Mr. Wells and Mr. Fife, that they were all being placed on a list, and that being on the list meant that they could remain so long as they did not let new people move into the Desmond Encampment, so long as they did not expand the boundaries of the Desmond Encampment, and so long as they kept the encampment clean and cared for. Plaintiffs all complied with these rules. Lacey told Plaintiffs that they were being "grandfathered in" so as to avoid prosecution under laws targeted at homeless individuals.

17.    On March 25, 2021, DES and Lacey entered into a memorandum of understanding ("MOU"), which authorizes Lacey to enter the property on which the Desmond Encampment is located and to enforce state and municipal laws, and authorizes DES to issue trespass notices.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 7

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

18.    On April 4, 2021, DES and Lacey entered into a Guidance Document in support of the MOU. The Guidance Document coordinates DES and Lacey's activities in response to the Desmond Encampment. The Guidance Document states that Lacey identified people currently at the Desmond Encampment on March 25, 2021. Under the Guidance Document, trespass orders were only to be issued against people not identified on March 25, 2021. Lacey agreed to enforce these trespass notices.

19.    All Plaintiffs except Mr. Wells and Mr. Fife are included on the list. Both Mr. Wells and Mr. Fife attest that they have lived at Desmond for many years and missed being included on the list inadvertently. **Cite.**

**C.    Trespass Notice and Lack of Available Shelter for Plaintiffs Wells and Fife**

20.    On January 10, 2024, Defendant DES posted a notice of trespass at the Desmond Encampment. The notice stated that "You are hereby notified that you are not authorized, licensed or invited to be in or upon the premises located at 300-500 Desmond Drive and Martin Way SE, Lacey…and your continued presence on the Property is a trespass and may subject you to penalties under RCW 9A.52.080":

21.    **On February 9, 2024, Defendant DES posted a 72 hour notice stating XXXXX.**

22.    If Plaintiffs move onto public lands in Lacey, they will be subject to criminal punishment under Lacey Municipal Code 8.10, which makes camping in Lacey a misdemeanor punishable by up to 90 days in prison and a fine of up to $1,000. LMC 8.10.040. The ordinance can be enforced between the hours of 7:00 a.m. and 10:00 p.m. even if there are no shelter beds. LMC 8.10.050.

23.    The only shelter available in Lacey is the Maple Court Enhanced Shelter (Maple Court). Defendants control access to Maple Court and are currently only offering space to Desmond residents who are on the 2021 list. Defendants have not offered space at Maple Court

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 8

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

or any other shelter to Plaintiffs Wells and Fife. Defendants are threatening Plaintiffs Wells and Fife with trespass if they remain at Desmond.

24.    Defendant Lacey has a policy of only offering shelter to those people living at Desmond who are on the 2021 list and trespassing anyone else who is found living at Desmond, without offering them shelter.

**D.    Rights of Way Safety Initiative and reasonable modification requests under the Americans with Disabilities Act (ADA) for Plaintiffs Torgerson, Bourgault, Lindgren, Barry and Miller**

25.    The ROW initiative is a state government program providing $45,050,000 to Defendant Commerce "to transition persons residing on state-owned rights-of-way to safer housing opportunities, with an emphasis on permanent housing solutions." Washington State 2022 Supplemental Operating Budget, pg. 106, 132(a). The housing opportunities must both provide a "meaningful improvement over an individual's current living situation" and be "well-matched to an individual's assessed needs." 132(e).

26.    The ROW initiative is funded via a federal appropriation, the Coronavirus State Fiscal Recovery Fund. *Id.* at 132(a).

27.    Defendants Commerce and Lacey (as well as several other municipalities in Thurston County) entered into a MOU on November 28, 2022 authorized by ROW which obligates them to the mutual goal of transitioning people living on designated rights of way in Thurston County into housing.

28.    ROW is the program through which Defendants are conducting the current sweep of Desmond.

29.    ROW operates by identifying an encampment on a state owned parcel of land, then creating a "by-name" list of individuals residing in the encampment, moving individuals on the by-name list into shelter, and then "hardening" the site so that people can not return.

30.    The only shelter being offered to Desmond residents is at the Maple Court Enhanced Shelter in Lacey. There are no other shelters in Lacey.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 9

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

31.     Through ROW, Defendants have a policy of only offering rooms at Maple Court to those residents of Desmond who are on the 2021 list.

32.     Defendants further have a policy of offering each person on the 2021 list a single-occupancy room at Maple Court which, if denied for any reason, will result in trespass.

33.     Defendants are threatening to trespass even those residents of the Desmond Encampment on the list if they do not move into a room at Maple Court under the deadlines and conditions imposed by Defendants.

34.     Plaintiffs Torgerson, Miller, Bourgault, Lindgren, and Barry all have disabilities that mean that they cannot move into Maple Court under the deadlines and conditions imposed by Defendants. They each have made requests to Defendants asserting their rights under the Americans with Disabilities Act (ADA) to a reasonable modification to the way Defendants are administering ROW.

35.     Plaintiff Jason Torgerson is legally blind and relies on his partner to find his glasses, help him read documents and assist in daily living activities. However, Defendants have refused to permit Mr. Torgerson's partner to move into Maple Court with him because she is not on the 2021 list. Mr. Torgerson made a request to Defendants on January 16, 2024 that Defendants permit his partner/caregiver to move into a room at Maple Court with him, even though she is not on the list.

36.     Similarly, Plaintiff David Miller lives with mental health disabilities that mean he needs to have his partner move into Maple Court with him. Defendants have refused to permit Mr. Miller's partner to move with him because she is not on the 2021 list. Mr. Miller did move into Maple Court in January, 2024 without his partner, but living in a new setting without her exacerbated his mental health symptoms to the point that they became unbearable, and he returned to Desmond. Mr. Miller requested on January 30, 2024 as a reasonable modification that Defendants permit his partner to move in with him to Maple Court.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 10

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

37.     Plaintiff Erin Bourgault has a serious heart condition that has resulted in multiple cardiac incidents since 2018 and which also causes frequent blood clots. The blood clots leave her unable to move for periods of time. Stress makes her health conditions worse. On January 16, 2024 she requested as a reasonable modification that Defendants provide her with an additional two months to prepare to move and that Defendants provide her with assistance moving her belongings into a storage unit so as not to exacerbate her disabilities.

38.     Plaintiff Brian Lindgren receives Supplement Security Income (SSI) on the basis of his mental health disabilities. Due to his disabilities, he cannot live in a converted motel full of people, which is what Maple Court is. Living in such close proximity to other people has in the past caused him to experience paranoia as well as unbearable anxiety which leads to hyperventilating and vomiting. He also would not be permitted to keep all of his emotional support animals if he moves to Maple Court. He is working with case managers to find more appropriate housing and is scheduled to tour a tiny home village later in February that would permit him to keep all of his animals. On January 16, he requested as a reasonable modification that Defendants allow him to remain at Desmond while he works with case management to find a home that is appropriate for his needs.

39.     Plaintiff Nicholas Barry lives with disabilities that make Maple Court inappropriate for him. He is currently on the wait list for an apartment in a supportive housing program that is appropriate for him. He is working with two case managers to request that he be moved up to the top of the list. On January 16, 2024, he requested as a reasonable modification that Defendants allow him to remain at Desmond until he is offered a place at the shelter whose waitlist he is currently on.

40.     Through their attorney, Mr. Torgerson, Mr. Barry, Ms. Bourgault, and Mr. Lindgren made reasonable modification requests on January 16, 2024, and Mr. Miller on January 30, 2024, to Defendants, asserting their rights under the ADA to have Defendants

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 11

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

modify the way in which they are operating the ROW program and refrain from enforcing the trespass notice until Defendants make such modifications as required by Plaintiffs.

41.    Instead of responding to Plaintiff's ADA requests, Defendants on January 31, 2024 sent work crews to Desmond and, using loud equipment, cleared tall bushes and tree branches right up to the edges of Plaintiffs' homes, causing wood chips to hit their homes, trees to fall next to Plaintiffs' homes, and stripping vegetation that protected Plaintiffs' home from view of an adjoining busy road and from the view of other camps. Plaintiffs now feel exposed to public view. Plaintiffs experienced this vegetation clearing as an attempt to scare them from their homes. Defendants did not provide Plaintiffs any notice that this was going to happen.

42.    As of the date of this filing, Defendant DES has denied Plaintiffs' reasonable modification requests. Defendant Lacey has maintained that they are not bound by the ADA in this matter. Defendants Commerce and Ecology have not responded at all.

## V.    CAUSES OF ACTION

### A.    First Cause of Action: Violation of Americans with Disabilities Act (42 U.S.C. § 12132)

43.    Plaintiffs reassert and re-allege the allegations set forth above.

44.    Title II of the ADA, 42 U.S.C. § 12132, provides that: [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

45.    Plaintiffs Torgerson, Bourgault, Lindgren, Barry and Miller are "qualified persons with disabilities" as defined under the ADA. 42 U.S.C. § 12102; 42 U.S.C. § 12131; 28 C.F.R. § 35.104.

46.    Under the ADA's broad language, a "program, service, or activity" includes within its scope "anything a public entity does." *Yeskey v. Pennsylvania Dep't of Corr.*, 118 F.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 12

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

3d 168, 171 & n. 5 (3d Cir. 1997), *aff 'd* 524 U.S. 206 (1998) (*quoting* 28 C.F.R. Pt. 35, App. A, preamble to ADA regulations).

47.     The ROW program's goal is to transition homeless individuals into housing that is "well-matched to an individual's assessed needs."

48.     As to Plaintiffs, the Defendants are administering ROW by offering Plaintiffs a single shelter option, a single occupancy room at Maple Court Enhanced shelter, under threat of imminent trespass.

49.     Title II protects people with disabilities against facially neutral policies that burden people with disabilities more than others, by requiring that the public entity provide reasonable modifications to avoid the discrimination unless the public entity can demonstrate that such modifications would result in a fundamental alteration of the program. 28 C.F.R. § 35.130(b)(7); *Crowder v. Kitagaw*, 81 F. 3d 1480 (9th Cir. 1996).

50.     By ignoring or otherwise failing to respond to Plaintiffs' requests to reasonably modify their policies and practices as described herein to allow Plaintiffs Torgerson, Bourgault, Lindgren, Barry and Miller time and opportunity to secure housing "well-matched" to their individual needs, Defendants have violated and continue to violate the antidiscrimination requirements of Title II of the ADA.

51.     Defendants, having received Plaintiffs' reasonable modification requests on January 16 and January 30, 2024 and having knowledge that harm to individual Plaintiffs' rights under the ADA was substantially likely to occur, failed to act on that likelihood. Defendants have committed intentional discrimination under Title II of the ADA by demonstrating deliberate indifference.

52.     Title II regulations interpreting the ADA prohibit a public entity from utilizing criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination based on disability. 29 C.F.R. § 35.130(b)(3). A public entity is also prohibited from imposing eligibility criteria that screen out or tend to screen out

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 13

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

individuals with disabilities from fully and equally enjoying any service, program, or activity. 28 C.F.R. § 35.130(b)(8).

53.    Defendants' policies and practices in administering ROW programs have excluded Plaintiffs Torgerson, Bourgault, Lindgren, Barry and Miller from the benefits of these programs on the basis of disability, denying them access to the benefits of these programs enjoyed by people without disabilities.

54.    In carrying out Defendants' policies and practices as described herein, Defendants have utilized criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination based on disability. 29 C.F.R. § 35.130(b)(3).

**B.    <u>Second Cause of Action: Violation § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794)</u>**

55.    Plaintiffs reassert and re-allege the allegations set forth above.

56.    Section 504 of the Rehabilitation Act of 1973 provides that "no otherwise qualified individual with a disability…shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); 34 C.F.R. § 104.4

57.    A public entity that received federal funding violates Section 504 where it fails to provide reasonable accommodations to individuals who need these accommodations to ensure meaningful access to the public entity's services.

58.    The rights and obligations established by the ADA mirror those under Section 504, and the two laws are applied co-extensively.

59.    Defendants are carrying out the sweep of the Desmond Camp under the ROW program, which is funded by the Coronavirus State Fiscal Recovery Fund and is federal

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 14

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

financial assistance. All Defendants receive other federal financial assistance in the administration of their programs and activities.

60.    As alleged above, Defendants have violated Plaintiffs' rights under the ADA and maintains policies, practices, and customs that continue to violate the ADA by discriminating against persons with disabilities; denying such persons the benefits of compliance with its directives in a manner consistent with their disabilities; and failing to investigate, respond to, and fulfill requests for reasonable accommodations. Based on the same facts, Defendant City violates and has violated Section 504 of the Rehabilitation Act.

C.    **Third Cause of Action as to Defendants Lacey and DES: Violation of Plaintiffs' Rights under Eighth and Fourteenth Amendments, Cruel and Unusual Punishment (Section 1983)**

61.    Plaintiffs reassert and re-allege the allegations set forth above.

62.    Defendants are threatening Plaintiffs Mr. Wells and Mr. Fife with criminal prosecution if they continues to remain at the Desmond Encampment, where they live and sleep.

63.    Defendants have not identified any available shelter space where Plaintiffs Wells and Fife can move.

64.    Plaintiffs Wells and Fife have no other shelter space available to them other than Desmond, which they consider their long-term home.

65.    Further, Defendants' apparent rejection of the remaining Plaintiffs' ADA requests, all of which assert that the current offer of shelter at Maple Court is inaccessible due to Plaintiffs' disabilities, amounts to constructively refusing to offer shelter to the remaining Plaintiffs.

66.    The 9th Circuit Court of Appeals held "the Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property for homeless individuals who cannot obtain shelter." *Martin v. Boise*, 920 F.3d 584, 616 (2019).

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 15

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

67.    Plaintiffs Wells and Fife are homeless and have no way of complying with the trespass notice, which threatens prosecution under Washington state's criminal trespass statute, RCW 9A.52.080. Defendants' threatened actions would penalize Plaintiffs' well-established rights under the Eight Amendment to the United States Constitution as incorporated in, and applied to the states through the Fourteenth Amendment.

68.    Defendants Lacey and DES have adopted an explicit policy of offering shelter only to the residents of Desmond who are on the 2021 list and trespassing, without offering shelter, anyone found living at Desmond who is not on the list.

69.    By adopting and by enforcing laws, policies and customs that make it unlawful for Plaintiffs to continue to live at the Desmond Encampment and within the City of Lacey, the Defendants have deprived the Plaintiff of their right to be free from cruel and unusual punishment guaranteed by the Eighth and Fourteenth Amendments, contrary to 42 U.S.C. §1983.

**D.    Fourth Cause of Action as to Defendants Lacey and DES: Deprivation of rights guaranteed by Washington Constitution, Art.1, Sec. 14 by imposing banishment and inflicting cruel punishment**

70.    Plaintiffs reassert and re-allege the allegations set forth above.

71.    The Court has jurisdiction to hear this state law claim under 28 USC 1367 because it arises from the same set of facts that give rise to jurisdiction under Plaintiffs' federal claims.

72.    Pursuant to the trespass notice posted by Defendant DES, Plaintiffs will be subject to prosecution under RCW 9A.52.070, a criminal trespass statute that imposes misdemeanor penalties.

73.    If forced from Desmond into the city of Lacey to avoid a trespass citation, Plaintiffs will then be subject to Lacey Municipal Code 8.10, which makes camping in Lacey a misdemeanor punishable by up to 90 days in prison and a fine of up to $1,000. LMC 8.10.040.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 16

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

The ordinance can be enforced between the hours of 7:00 a.m. and 10:00 p.m. even if there are no shelter beds. LMC 8.10.050.

74.    Defendants have not identified any shelter space available for Plaintiffs Wells or Fife.

75.    Further, Defendants' apparent rejection of the remaining Plaintiffs' ADA requests, all of which assert that the current offer of shelter at Maple Court is inaccessible due to Plaintiffs' disabilities, amounts to constructively refusing to offer shelter to the remaining Plaintiffs.

76.    Plaintiffs only option to avoid prosecution under Defendants' trespass notice is to camp on the City of Lacey's public lands, but camping in Lacey subjects to them punishment under Defendant Lacey's municipal camping ban. Prohibiting homeless individuals from using public land to survive and live within the city limits between 7:00 a.m. and 10:00 p.m. is not practicable or financially feasible for homeless individuals with little resources and amounts to banishment. None of the unhoused Plaintiffs have the means to leave Lacey every night and return every morning.

77.    Subjecting homeless individuals to misdemeanor charges because they are sleeping in public with insufficient shelter offerings is cruel punishment.

78.    Furthermore, if Defendants attempt to enforce the trespass notice, or Defendant Lacey to enforce its Ordinance by threatening to subject Plaintiffs to criminal sanctions if they refuse to comply, this action not only is unlawful but also constitutes banishment from the City of Lacey and a violation of the unhoused Plaintiffs' rights to intrastate travel and the freedom to remain living in Lacey.

79.    Defendants intend to punish homeless individuals as a result of their status as homeless and intend to subject homeless individuals to criminal sanctions for engaging in unavoidable conduct – sleeping in public in a city that lacks sufficient shelter capacity.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT – 17

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

80.     Enforcement of Defendants' trespass notice will force Plaintiffs to either seek shelter outside of the City of Lacey or be subject to criminal sanctions. This amounts to banishment and is cruel punishment.

81.     By taking steps to enforce this notice, Defendants are inflicting cruel punishment on homeless individuals found on public land within city limits contrary to Washington Constitution article 1, § 14.

**E.**     **Fifth Cause of Action: Violation of 42 U.S.C. 1983 (Fourteenth Amendment, Procedural Due Process)**

82.     Plaintiffs reassert and re-allege the allegations set forth above.

83.     Defendants are threatening Plaintiffs with criminal trespass if they to remain at the Desmond Encampment, where they live and sleep.

84.     Plaintiffs have lived at the Desmond Encampment for years with the knowledge and permission of Defendants.

85.     Defendants verbally told Plaintiffs that they could remain at the Desmond Encampment so long as they did not let new people move in and did not enlarge the camp boundaries. Plaintiffs have complied with these rules.

86.     Defendants Lacey and DES also entered into an agreement to under which Lacey agreed to trespass only people who were not on the list of residents created in 2021.

87.     Under this agreement, Lacey and DES also agreed to create a list of people permitted to remain at Desmond, a list which includes all Plaintiffs except Mr. Wells and Mr. Fife. This list went so far as to identify the site number which Plaintiffs were entitled to occupy.

88.     Washington law recognizes tenancies at will, under which the landowner has given permission to the tenants to occupy property but no provision is made for rental payments. Landlords may terminate such tenancies by providing reasonable opportunity for the tenant to vacate. Terminations of such tenancies are enforced via a civil ejectment process and no tenant may be forcibly removed without court process.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 18

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

89.     Plaintiffs are tenants at will and are entitled to a civil process so that a court can determine whether they have any defenses to a civil ejectment action.

90.     Defendants Lacey and DES have adopted an explicit policy of using a criminal trespass process rather than a civil ejectment process to remove residents of Desmond.

91.     Defendants' threatened enforcement of criminal trespass laws against Plaintiffs would violate Plaintiffs procedural due process rights to a civil hearing before deprivation of property interests under the Fourteenth Amendment of the United States Constitution.

92.     By adopting and by enforcing laws, policies and customs that threaten Plaintiffs with criminal punishment for remaining at the Desmond Encampment, the Defendants have deprived the Plaintiff of their right to due process before deprivation of a property interest guaranteed by the Fourteenth Amendments, contrary to 42 U.S.C. §1983.

## VI.    RELIEF REQUESTED

Plaintiffs hereby request that the Court grant the following relief:

1. Declaratory judgment stating that Defendants' threatened enforcement of the trespass notice, or any other similar notice, violates Plaintiffs' Eight Amendment right to be free of cruel and unusual punishment, Plaintiffs' Article 1, Section 14 right under the Washington State Constitution to be free of cruel punishment, and Plaintiffs' Fourth Amendment right to procedural due process;

2. Declaratory judgment stating that Defendants' enforcement of the trespass notice against Plaintiffs Torgerson, Bourgault, Lindgren, Barry and Miller discriminates on the basis of disability in violation of the ADA, 42 U.S.C. § 12132;

3. Issue a preliminary and permanent injunction against Defendants, their officers, employees, assignees, successors, and agents from enforcing the trespass notice or any notice with the effect of displacing Plaintiffs,  until such time that permanent, accessible housing that is affordable is made available to these individuals;

4. That Plaintiffs be awarded their costs and attorneys' fees as provided for by 42 U.S.C.

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 19

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174

§1988, and any other applicable provision of statutory and common law;

5. That the Court grant such other relief as may be just and equitable.

DATED this 9th day of February, 2024.

NORTHWEST JUSTICE PROJECT

By /s/Carrie Graf
Carrie Graf, WSBA # 51999
Scott Crain, WSBA # 37224
711 Capitol Way South, Suite 704
Olympia, WA 98501
carrie.graf@nwjustice.org
Tel: (206) 707-0992
Fax: (360) 753-0174

Attorneys for Plaintiffs

COMPLAINT FOR INJUNCTIVE RELIEF, AND DECLARATORY
JUDGMENT – 20

Complaint

**Northwest Justice Project**
711 Capitol Way S. #704
Olympia, Washington 98501
Phone: (206) 707-0992  Fax: (360) 753-0174